CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 0 9 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DAVID A. HAIRSTON, JR., | ) | CASE NO. 4:11CV00014 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | By: B. Waugh Crigler |
| Defendant. | ) | U. S. Magistrate Judge |

This *pro* se challenge to a final decision of the Commissioner which denied plaintiff's August 22, 2007 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on November 25, 2009, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since August 7, 2007, his alleged disability onset date, and that he remained insured through June 30, 2010. (R. 17.)

The Law Judge determined plaintiff's arthritis and degenerative disc disorder were severe impairments. (*Id.*) Even so, the Law Judge found that that he did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (*Id.*) The Law Judge further found that plaintiff retained the residual functional capacity ("RFC") to perform a range of light work. (R. 18.) Specifically, the Law Judge found that plaintiff could lift and/or carry twenty pounds occasionally and ten pounds frequently, and could stand and/or walk for four to six hours in an eight-hour workday. (*Id.*) He further was of the view that plaintiff never should climb ropes or scaffolds, but that he could occasionally climb stairs, balance, stoop, kneel, crouch and crawl and had no significant manipulative, visual, communicative, or environmental limitations. (*Id.*) The Law Judge concluded that plaintiff could not return to his past relevant work as a truck driver, but, based on his determination of plaintiff's credibility, his RFC and the evidence adduced from a vocational expert ("VE") based on those findings, that jobs existed in substantial numbers in the national economy that he could perform. (R. 22.) Thus, the Law Judge found that plaintiff was not disabled under the Act. (R. 23.)

Plaintiff appealed the Law Judge's November 25, 2009 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in

the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In his *pro se* letter brief, plaintiff initially argues that the Law Judge's credibility finding is not supported by substantial evidence.[1] (Pl's Brief, p. 1.) Specifically, he contends that the objective medical evidence reveals he suffers a medical condition which reasonably could be expected to cause the degree of pain he alleged, and that his testimony, if properly credited, mandated a finding that he was disabled. (*Id.*)

There is a two-step process for evaluating subjective complaints. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The two-step process corresponds with Social Security Ruling ("SSR")[2] 96-7p and the regulations at 20 C.F.R. §§ 404.1529, 416.929. At step one, the Law Judge must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. *Craig*, 76 F.3d at 594. At step two, the Law Judge must evaluate the intensity and persistence of the claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's testimony. *Id.* at 595. Step two of the credibility analysis involves consideration of the claimant's statements of pain and other alleged symptoms, as well as factors such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or

---

[1] The plaintiff was represented by counsel in the proceedings before the Commissioner.
[2] Social Security Rulings are the Social Security Administration's interpretations of the Social Security Act. *Pass v. Chater*, 65 F.3d 1200, 1204 n. 3 (4th Cir. 1995). "[T]hey are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Id.* (citing *Quang Van Han v. Bowen,* 882 F.2d 1453, 1457 (9th Cir. 1989)).

3

other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments, other than medication, received for relief of symptoms; (6) measures used to relieve symptoms; and (7) other factors concerning functional limitations and restrictions caused by symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

At step one in his credibility assessment, the Law Judge found that that plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (R. 19.) At step two, the Law Judge found that plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the finding that plaintiff could perform a range of light work. (*Id.*) For the reasons that follow, the undersigned finds that the Law Judge's determination of plaintiff's credibility is supported by substantial evidence.

The Law Judge noted that the record revealed evidence of self-limiting behavior, a conclusion well-supported by the medical record. (R. 22.) For example, Joel M. Singer, M.D. conducted an independent medical evaluation and reported that plaintiff was malingering.[3] (R. 338.) Physical Therapist James Turner's physical work performance evaluation revealed that plaintiff exhibited self-limiting behavior[4] on 22% of the 18 tasks he was asked to perform. (R. 323.) Tuan Huynh, M.D., a consultative examiner revealed that plaintiff "seems to be

---

[3] The undersigned makes two observations about Dr. Singer's evidence. First, malingering is a condition ordinarily diagnosable only after a physician has had an opportunity to observe a patient over a period of time. Second, Dr. Singer's actual report is not in the record. Even so, Robert E. Cassidy, M.D., a treating source, summarized the report in his January 4, 2006 treatment note. (R. 338-339.) At a minimum, Dr. Singer's evidence is consistent with other reports that plaintiff was not giving his best efforts on physical testing.
[4] Turner's report provides that self-limiting behavior means that the patient stopped a given task before a maximum effort was achieved. (R. 323.)

4

inconsistent with his pain pattern. He does not give a good effort during the examination." (R. 388.) The opinions rendered by the State agency record reviewing physicians support the Law Judge's view of the medical record as it reflects on plaintiff's credibility. Robert Chaplin, M.D. concluded and Catherine Howard, M.D. concurred that the medical record demonstrated that plaintiff's statements were only "partially credible." (R. 318, 399.)

Next, plaintiff argues that the Law Judge erred by failing to include manipulative limitations in his RFC assessment. (Pl's Brief, p. 1.) RFC is defined as that which an individual remains able to do despite the limitations caused by the claimant's impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of a claimant's RFC is an administrative finding, and the final responsibility for determining RFC specifically is reserved to the Commissioner. *England v. Astrue,* 2011 WL 5592849, *2 (W.D.Va. November 16, 2011).

According to the Commissioner's own rulings, "fingering" involves picking, pinching, or otherwise working primarily with the fingers. SSR 85-15, 1985 WL 56857, at *7. "Handling" is defined as "seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands." *Id.*

A consultative examination performed on October 26, 2007 supports the Law Judge's finding that plaintiff did not suffer manipulative limitations. (R. 385-390.) Dr. Huynh found that plaintiff was able to dress himself, feed himself, tie his shoes, button his clothes, write, turn a doorknob, pick up coins, pins and keys, and open a jar by himself. (R. 386.) Again, this was echoed by the State agency record reviewing physicians who were of the view that plaintiff did not suffer manipulative limitations. (R. 315, 394.)

5

Finally, plaintiff contends that the Law Judge failed to properly evaluate the opinions offered by Ashish C. Shah, M.D., a treating source. (Pl's Brief, p. 2.) The regulations and applicable circuit decisional authority require that a Law Judge and the Commissioner consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart,* 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005)).

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589.

Dr. Shah, a specialist in internal medicine, treated plaintiff for the first time on August 21, 2007. (R. 369-370.) On July 29, 2009, Dr. Shah completed a "medical statement" for plaintiff in which he noted that plaintiff suffered the following: a history of joint pain, swelling and tenderness; morning stiffness; synovial inflammation; limitation of motion in joints; and an inability to ambulate effectively. (R. 441.) The physician noted that plaintiff suffered significant fatigue and malaise. (R. 442.) In assessing his functional capacity, Dr. Shah opined that plaintiff could sit at one time or stand at one time for only thirty minutes. (*Id.*) The physician further

6

found that plaintiff could never engage in fine manipulation with the left hand or right hand and could only occasionally engage in gross manipulation with either hand, and that plaintiff could only occasionally raise his right or left arm over shoulder level. (*Id.*) Dr. Shah ultimately opined that plaintiff was unable to work. (*Id.*)

The Law Judge determined that Dr. Shah's opinion was entitled to "little weight" for several reasons. Initially, the Law Judge noted Dr. Shah's single record entry dated August 21, 2007 was the only evidence of his treatment of the plaintiff. (R. 21.) The Law Judge also found that the treatment notes did not reflect that plaintiff suffered limitations as severe as those expressed by Dr. Shah in his assessment dated July 29, 2009, almost two years after the date of purported treatment. (*Id.*) Finally, the Law Judge concluded that Dr. Shah's assessment was not consistent with the medical evidence of record and other medical opinions contained in the record. (*Id.*) To reiterate, the opinions offered by the State agency record reviewing physicians conflict with Dr. Shah's belief that plaintiff suffered work-preclusive limitations. Dr. Chaplin's evaluation of September 2005 provides a primary diagnosis of mild disc bulge at C6-C7. (R. 313-318.) He offered that plaintiff could occasionally lift and/or carry (including upward pulling) twenty pounds and could frequently lift and/or carry ten pounds. (R. 314.) The physician further opined that plaintiff could stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday and could sit (with normal breaks) for about six hours in an eight-hour workday. (*Id.*) Dr. Chaplin determined that plaintiff's ability to push and/or pull (including operation of hand/food controls) was unlimited, other than his limitations on the ability to lift and/or carry. (*Id.*) Another record reviewer, Dr. Howard, offered an assessment of

7

plaintiff's RFC on November 1, 2007. (R. 392-399.) She, too, concluded that plaintiff could perform a range of light work.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: /s/ _____
U.S. Magistrate Judge

January 9, 2012
Date